(158 App. Div. 805.)

ELWOOD et al. v. GOLDMAN.

(Supreme Court, Appellate Division, Fourth Department.   November 12, 1913.)

1. VENDOR AND PURCHASER (§ 198*)—CONTRACTS—CONSTRUCTION.
    Where a contract for the purchase of land required that the land should be free from all liens and incumbrances, the vendor was bound to discharge city taxes levied for the ensuing year only a short time before the date of the contract, where the city charter declared that such taxes should be liens upon the property taxed from the time of the levy.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 408–412; Dec. Dig. § 198.*]

2. VENDOR AND PURCHASER (§ 46*)—CONTRACTS—CONSTRUCTION.
    A contract for the purchase of land should be so construed that effect could be given to every portion of it, if it is possible so to do.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 46.*]

3. TAXATION (§ 508*)—ASSESSMENT—LIEN.
    In the absence of statutory declaration fixing the lien of a tax at the time of assessment, such lien attaches only after the tax has been extended upon the roll and levied, so that a particular sum has become a charge upon a particular parcel of land.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 942; Dec. Dig. § 508.*]

4. VENDOR AND PURCHASER (§ 198*)—CONTRACT—CONSTRUCTION.
    Under a contract for the sale of land, providing that possession shall be given on June 1, 1912, "at which time all taxes, insurance premiums, and water rates are to be adjusted, to and including May 31, 1912," taxes assessed but not yet liens should be paid by the vendor.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 408–412; Dec. Dig. § 198.*]

Exceptions from Trial Term, Monroe County.

Action by Frederica H. Elwood and others, as trustees for Dorothy Elwood, against Hyman Goldman. There was a directed verdict for plaintiffs, and defendant's exceptions were heard in the Appellate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Division in the first instance. Exceptions sustained, and new trial granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

George S. McMillan, of Rochester, for plaintiffs.
Percival D. Oviatt, of Rochester, for defendant.

LAMBERT, J. The action sounds in contract. Plaintiffs were the owners of the Elwood office building in the city of Rochester. On May 9, 1912, the defendant made a formal written offer to purchase same, which offer was accepted in writing by the plaintiffs. The contract thus effected affords the basis for the litigation.

Two clauses only of the contract are pertinent to the matters involved. Such read as follows:

"If this offer is accepted, you are to furnish at your own expense, warranty deed of said premises, and abstracts of and tax searches to date of transfer, showing good title and premises free and clear of all liens and incumbrances."

And: "If offer is accepted, possession of said premises is to be given to me on delivery of deed on said June 1, 1912, at which time, all taxes, insurance premiums and water rates are to be adjusted to and including May 31, 1912."

Conveyance of such premises was made on June 1st, at which time there came up for discussion a city tax thereon amounting to the sum of $2,732.10. Plaintiffs made claim that the contract required that such tax be prorated between vendor and vendee in proportion with the unexpired period of the fiscal year. Defendant insisted that the contract required vendors to pay the entire tax. Eventually plaintiffs paid same, under an arrangement that such payment should not affect any of the rights of the parties. This action was then brought to recover seven-twelfths of such tax, representing the seven months unexpired of the fiscal year 1912. The trial court has directed a verdict for the plaintiffs and ordered the exceptions heard here in the first instance.

[1] By section 109 of chapter 755 of the Laws of 1907 (Charter of the City of Rochester), the common council of such city is required to levy city taxes on the 1st day of April, each year, or within five days thereafter. By section 109 of such act, such taxes are expressly declared to be liens upon the property taxed, from the time of the levying thereof. This tax was therefore a lien at the time of the making of this contract. No other construction of the first clause above quoted seems permissible than that these parties understood and provided therein that this title should be transferred free from all liens and incumbrances. That tax liens were intended to be included in such class is equally plain in the reference to tax searches, as well as abstracts of title. This first clause then requires vendors to pay this city tax for 1912 unless the scope of the first clause is reduced and cut down by the provisions last above quoted.

[2] A construction of the second clause, in derogation of the first, should not be adopted unless clearly required. The familiar rule of construction requiring that effect be given to every portion of the in-

strument is to be observed, as well as that equally familiar rule that different provisions are to be read into a consistent whole, if possible.

[3, 4] It is true that controversy has arisen in this action in connection with but a single tax. However, that fact should not overshadow the clear intent of this contract to embrace within its provisions all taxes. A construction is to be adopted which provides equally for county and state taxes with the city taxes here in dispute. As to the city tax, there is a definite statutory declaration of the commencement of the lien thereof. As to the state and county taxes, there is no such provision of statute. In the absence of such statutory declaration of the commencement of the lien of a tax, the ordinary rule is that such lien attaches only after the tax has been extended upon the roll and levied, so that a particular sum has become a charge upon a particular parcel of land. Lathars v. Keogh, 109 N. Y. 583, 17 N. E. 131; Cooley on Taxation, 447, 448. Such taxes, clearly, would not be embraced within the clause first above quoted, and for the sole reason that such were not liens or incumbrances. A similar situation may have existed with reference to other taxes, such as school and local improvement taxes, then also assessed, but not ripened into liens. As we read the provision of such contract last above quoted, in its reference to taxes, it was designed to provide for such taxes, assessed, but not liens. Equitable Life Assurance Society v. Toplitz, 69 Misc. Rep. 457, 128 N. Y. Supp. 153. Such a construction fully recognizes the two provisions and without taking from either any of its clearly expressed intent. It may be that the word "adjusted," in the second quoted clause of the contract, is to be given a significance such as is urged by plaintiffs, with reference to such taxes as were not liens. That question, however, is not presented, inasmuch as the tax here involved was a lien and was distinctly provided for by the first clause.

The foregoing reasons lead to the sustaining of defendant's exception to the direction of a verdict, and a new trial should be granted, with costs to the defendant to abide the event.